UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62526-Civ-SCOLA

FLORIDA STATE RESTORATION SERVICES,

    Plaintiff,
vs.

STANDARD FIRE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER REQUIRING JURISDICTIONAL STATEMENT**

THIS MATTER is before the Court upon an independent review of the record. Defendant Standard Fire Insurance Company ("Standard") has removed this case from state court. Because federal court jurisdiction is not apparent from the face of the Complaint and Notice of Removal, the Court will require Standard to file a jurisdictional statement forthwith.

"As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

In the Notice of Removal, Standard represents that it "participates in and issues Standard Flood Insurance Policies ("SFIPs") pursuant to the National Flood Insurance Program's ("NFIP") Write-Your-Own Program." Not. ¶ 5. It also states that "Plaintiff seeks monetary damages from Standard Fire for allegedly failing to pay the full amount of insurance benefits Plaintiff claims are owed under a Standard Flood Insurance Policy." *Id.* ¶ 2. According to Standard, this Court has subject matter jurisdiction over what would otherwise be a breach of contract claim between non-diverse parties because 42 U.S.C. § 4072 "vests the United States

District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP." *Id.* ¶ 6.

The problem is, the Eleventh Circuit has expressly stated that "[o]n its face, § 4072 provides only for suits against FEMA. It does not discuss the WYO program, and we therefore do not read it as addressing suits against WYO companies." *See Newton v. Cap. Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). It therefore appears to this Court that the exclusive jurisdiction afforded by section 4072 does not reach this case.

The question remains, however, whether this case is properly here on federal question jurisdiction. In the Notice of Removal, Standard asserts that "[t]his Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law." Not. ¶ 8. In *Newton*, the Eleventh Circuit held that section 4072 does not abrogate federal question jurisdiction under 28 U.S.C. § 1331 when it otherwise exists in a case. *See Newton*, 245 F.3d at 1309.

Here, it would appear that Standard is attempting to invoke federal question jurisdiction despite the fact that the Complaint raises only a state law breach of contract claim. As the Eleventh Circuit has remarked:

> A federal question is presented by the complaint when the suit relies on a federal cause of action or where "the vindication of a right under state law necessarily turned on some construction of federal law." *See Merrell Dow* [*Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)]. Under this latter analysis, federal question jurisdiction should be narrowly construed. *See id.* at 810-14. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," even where the interpretation of federal law may constitute an element of the state cause of action. *Id.* at 813. More recently, the Supreme Court fashioned another test for deciding whether federal courts should exercise federal question jurisdiction over removed state court proceedings: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp* [*v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

*Madzimoyo v. The Bank of New York Mellon Trust Co., N.A.*, 440 F. App'x 728, 730 (11th Cir. 2011) (some citations omitted).[1]

Upon review of the Notice of Removal and Complaint here, the Court is unable to discern whether it has subject matter jurisdiction over this action. More information is needed. Standard is directed to file a Statement of Jurisdiction addressing: (1) the apparent unavailability of jurisdiction under 42 U.S.C. § 4072 in this case; and (2) the details and reasons supporting its claim that there is otherwise federal question jurisdiction under 28 U.S.C. § 1331. The Statement of Jurisdiction shall be filed by **January 9, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida on December 21, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge
Counsel of Record

---

[1] This Court has had occasion to apply *Grable & Sons* before. *See Meyer v. Health Mngmt. Assocs., Inc.*, 841 F. Supp. 2d 1262 (S.D. Fla. 2012) (Scola, J.) (remanding case to state court for lack of jurisdiction).